(No. 41164.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
MAJOR BROWN, JR., Appellant.

*Opinion filed November 22, 1968.*

JACK WAALER, of Urbana, appointed by the court, for appellant.

JOHN J. BRESEE, State's Attorney, of Urbana, for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

The defendant, Major Brown, entered pleas of guilty in the circuit court of Champaign County to two informations charging him with the crime of forgery and was sentenced to the penitentiary for concurrent terms of not less than seven years nor more than seven years and one day. His petition under the Post-Conviction Hearing Act was denied without hearing evidence and the defendant has appealed from the post-conviction judgment.

The post-conviction petition was filed *pro se* and contained several allegations, including the charge that defendant was not represented by counsel at the time of his conviction. Counsel was appointed for the defendant in the post-conviction proceeding and the attorney obtained leave to amend the petition by adding the allegation that the court did not specifically advise defendant of his right to be represented by the public defender without cost. On appeal the brief filed by counsel is devoted entirely to the allegations that defendant was not represented by counsel at the time of his pleas of guilty and that the court did not properly admonish the defendant.

The common-law record of the proceedings at the time of the defendant's plea of guilty on one information was incorporated by reference in the petition. This record contains the following colloquy between the court and the defendant:

"THE COURT: You also—you understand that you have a right to have an attorney present?

THE DEFENDANT: Yes, I understand that.

THE COURT: Do you wish an attorney present?

THE DEFENDANT: No.

THE COURT: Defendant waives his right to counsel. Did you consult an attorney at all?

THE DEFENDANT: Yes, he wasn't representing me at all on this charge. I just talked to him.

THE COURT: Did you ask that he represent you?

THE DEFENDANT: No, I didn't.

THE COURT: Do you want to be represented?

THE DEFENDANT: No.

THE COURT: Defendant waives his right to be represented by counsel. Do you wish to plead to the information that has been filed by the state's attorney?

THE DEFENDANT: Yes, I do."

It is clear from these excerpts that the defendant was advised of his right to counsel and stated that he did not want to be represented by an attorney. In view of his positive statement that he did not want counsel, the fact that the court did not advise him of his right to be represented by the public defender without cost did not violate defendant's constitutional rights. Other portions of the common-law record show that the defendant was fully advised of the nature of the charges against him and advised of the consequences of his plea. He waived his right to be prosecuted by indictment, his right to trial by jury, and stated that he did not wish to apply for probation. After full admonishment by the court, defendant persisted in his plea of guilty and sentence was imposed. In view of the facts appearing in the record the defendant's claim that he was not represented by counsel at the time of his plea and that he was not properly admonished did not require an evidentiary hearing.

The defendant was granted leave to file a supplemental

brief in which he claims that other allegations of the petition were sufficient to require a hearing. Among these allegations was a claim that the warrant for defendant's arrest was improperly issued and that defendant was denied the right to confront his accusers before the magistrate who issued the warrant. The petition also alleged that the State did not introduce any evidence to prove the defendant's guilt. In view of defendant's pleas of guilty these issues were waived.

It was also alleged that the court should have determined whether petitioner was insane, under the influence of drugs, or intoxicated at the time he waived his rights and entered his plea of guilty. There is nothing in the record to suggest that the court was placed on notice that defendant was under any disability and the defendant did not suggest in his petition that any facts were brought to the attention of the court which would require a competency hearing. The allegation was insufficient to require a post-conviction hearing.

The defendant alleged that the prosecutor usurped the function of the judge by stating to the defendant prior to the plea of guilty that he was going to recommend the sentence which was actually imposed, and also stating that the recommendation was not binding on the trial judge. The record shows that the court fully advised the defendant of the possible penalty and the fact that the prosecutor advised the defendant that he was going to recommend a certain sentence did not violate the defendant's constitutional rights.

In his supplemental brief the defendant argues for the first time that his constitutional rights were violated by reason of the fact that the trial court did not advise him of his right to appeal at the time of his conviction. This claim was not set forth in the original post-conviction petition or in the amendment made by petitioner's counsel and cannot be considered on appeal.

We are of the opinion that the dismissal of the petition without hearing evidence was correct and the judgment of the circuit court of Champaign County is affirmed.

*Judgment affirmed.*