(Nos. 41745, 41746 cons.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* RAYMOND GUY FUCA, Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* JACK R. THOMAS, Appellant.

*Opinion filed September 26, 1969.*

JOHN T. BEYNON, Public Defender, of Rockford, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and PHILIP G. REINHARD, State's Attorney, of Rockford, (FRED G. LEACH, Assistant Attorney General, and WILLIAM R. BEU, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

The defendants, Jack R. Thomas and Raymond Guy Fuca, pleaded guilty to an indictment charging the offense of burglary and were sentenced to terms of not less than 10 years nor more than 20 years and not less than 2 years nor more than 10 years respectively. Following sentencing, both

defendants filed petitions for post-conviction relief which were dismissed by the trial court. The defendants bring separate appeals from the trial court's orders denying their petitions, which have been consolidated by our court for opinion.

Defendant Fuca maintains that the trial court committed reversible error in denying his post-conviction petition in which he alleged that he had not been afforded a hearing in aggravation and mitigation prior to sentencing by the trial court. Defendant Thomas alleges that the trial court erred in dismissing his post-conviction petition in which he alleged that evidence of criminal misconduct for which there had been no conviction was erroneously introduced at his hearing in aggravation and mitigation and that unequal sentences were improperly imposed upon the two co-defendants following their conviction of the same offense.

On November 17, 1965, a probation hearing was held in the circuit court of Winnebago County on defendant Fuca's petition for probation. Present were defendant, his privately retained attorney, and an assistant State's Attorney. Defendant's attorney began the proceedings with a statement containing family background of the defendant, his past conviction of one felony and previous criminal misconduct for which he had never been indicted or convicted. Following counsel's statement, a colloquy occurred between counsel, the assistant State's Attorney and the court wherein a total of two previous felony convictions, followed by a vacation of his probation, were discussed. The assistant State's Attorney then made a statement relating facts of the present offense and mentioning a part of the other criminal misconduct brought out by defendant's counsel. A probation report was also presented to the court which contained admissions of criminal misconduct made by defendant to the probation officer. The report also set forth three misdemeanor convictions and the two felony convictions and a vacation of probation. After the above evidence was presented

and discussed, defendant Fuca's petition for probation was denied, and he was sentenced to a term of 2 to 10 years.

Defendant Fuca's petition for post-conviction relief was filed pursuant to section 122—1 of the Code of Criminal Procedure (Ill. Rev. Stat. 1967, ch. 38, par. 122—1) which reads in part: "Any person imprisoned in the penitentiary who asserts that in the proceedings which resulted in his conviction there was a substantial denial of his rights under the Constitution of the United States or of the State of Illinois or both may institute a proceeding under this Article."

The defendant Fuca's petition under the statute alleged improper deprivation of his right to a hearing in aggravation and mitigation. There is a distinction between the deprivation of a constitutional right and the violation of rights under a statutory procedure designed to implement broad constitutional provisions. We have recently stated that relief under the Post-Conviction Hearing Act is limited to those errors which are of a constitutional magnitude. (*People* v. *Orndoff*, 39 Ill.2d 96.) It is our opinion that the statute providing for a hearing in aggravation and mitigation (Ill. Rev. Stat. 1967, ch. 38, par. 1—7(g)) does not confer constitutional rights and that the defendant's petition in this case ignores the distinction between these two categories of rights.

We also note that there is no evidence in the record that defendant Fuca ever requested a hearing in aggravation and mitigation. We have recently held that the burden of presenting mitigating circumstances in a record and of making a substantial showing of evidence in aggravation and mitigation rests upon the defendant and his failure to request such a hearing constitutes a waiver thereof. (*People* v. *Nelson*, 41 Ill.2d 364.) From a review of the record in this case it appears that the defendant requested no further hearing other than that afforded by his probation hearing, and therefore it is our opinion that he has waived his right to present

any mitigating evidence which was available to him upon a hearing in aggravation and mitigation.

The defendant Fuca's contention that the trial court, in the probation hearing, erred in considering evidence of criminal misconduct for which no conviction existed is without merit. Defendant's own counsel referred to such criminal misconduct and thereafter the assistant State's Attorney did likewise. The probation report was also introduced and contained similar information which had been prepared by the probation officer after interviewing the defendant and the content of this report was evidently gained from the defendant's own admissions. In *People* v. *Adkins,* 41 Ill.2d 297, we held that the introduction of evidence of criminal conduct of which there is no conviction is proper at a presentence hearing when knowledge of such conduct is given by defendant's admissions and when there is a failure upon defendant's part to deny the allegations contained in the evidence introduced. We must presume that the trial judge in this case recognized any incompetent evidence introduced at the presentence hearing and disregarded it.

Defendant Thomas raises only one new issue for us to consider and that is whether or not the sentences imposed upon the co-defendants must be substantially equal. Defendant Thomas alleges that there is nothing in the records of himself and defendant Fuca or in the nature of their participation in the burglary which would justify a more severe sentence being imposed upon him. The defendant failed to raise this issue in the post-conviction petition. The Post-Conviction Hearing Act specifically states: "Any claim of substantial denial of constitutional rights not raised in the original or amended petition is waived." (Ill. Rev. Stat. 1967, ch. 38, par. 122—3.) The defendant's failure to raise the issue in his petition constitutes a waiver under the statute.

Despite this waiver, however, we do not agree with the defendant Thomas's contention because it presupposes that

both defendants had similar backgrounds, prospects of rehabilitation, criminal records and equal participation in the crime for which they were charged. Since there is no basis in the record to compare defendant Thomas with his co-defendant Fuca, the sentences must be considered upon their individual factors. The trial court heard the evidence of the crime charged before the defendant introduced a plea of guilty, held both a probation hearing and a hearing in mitigation and aggravation and had before him a probation officer's report. The court also inquired as to past criminal misconduct and as to when defendant Thomas was paroled, relative to the occurrence of the present offense, which was two months after his release on parole. Also to be considered is the fact that defendant Thomas entered into a gun battle with the police at the time of his arrest. The above factors do not support the defendant's contention that the court imposed an arbitrary or excessive sentence upon him.

The judgments of the circuit court of Winnebago County are hereby affirmed.

*Judgments affirmed.*