(No. 41415.—■)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* GERALD LOY, Appellant.

*Opinion filed November 26, 1969.*

JOHN LOYLE DAVIS, of Decatur, appointed by the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and BASIL G. GREANIAS, State's Attorney, of Decatur, (FRED G. LEACH, Assistant Attorney General, of council,) for the People.

Mr. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

Defendant, Gerald Loy, alleges he was arrested in Shelbyville on March 9, 1964, and held in jail from that time until March 25, 1964, without any charges being filed. On March 30 he was charged by information in the circuit court of Macon County with the crime of burglary. The next day he appeared with court-appointed counsel, pleaded not guilty and was released on bond. On May 4 he failed to appear in court, and a warrant was issued for his arrest. On July 13 he appeared in court in the custody of the sheriff and his trial was set for a September jury. Three days later he appeared in court with counsel, entered a plea of guilty, and filed his petition for probation. On July 21 his petition for probation was denied and he was sentenced to the penitentiary for a term of 1 to 10 years.

On January 26, 1968, the defendant filed a *pro se* petition for relief under the Post-Conviction Hearing Act along with an affidavit requesting court-appointed counsel. The

People filed a motion to dismiss and on March 13, 1968, the Public Defender appeared in court with the State's Attorney for a hearing on the motion. The Public Defender raised no objection and the motion was allowed because the allegations in the petition were not supported by the record. Defendant filed his notice of appeal under the Post-Conviction Hearing Act and the cause is now before us.

The only complaint raised by defendant in his *pro se* petition concerns his 16-day detention without being charged with a crime. Counsel who represents him on this appeal concedes that such detention, in and of itself, is not sufficient cause for setting aside the judgment of conviction. He asserts, however, that this 16-day incarceration is sufficient to raise the question of whether it coerced defendant's plea of guilty and asks that the cause be remanded to determine this question. He also suggests that the Public Defender should have amended the petition to adequately present this issue and should have objected to the dismissal of the petition. See *People* v. *Slaughter,* 39 Ill.2d 278; *People* v. *Craig,* 40 Ill.2d 466.

Defendant in his *pro se* petition alleges he was illegally detained for 16 days, but he does not suggest that this in any way influenced his ultimate plea of guilty. Indeed, it would be difficult to maintain such a position because the record shows defendant, even if he had been illegally detained from March 9 to March 25, nevertheless, appeared in court on March 31, pleaded not guilty and was released on bond. It was not until July 16 that he withdrew his not-guilty plea and pleaded guilty. The record also shows that he was properly admonished by the court before the guilty plea was accepted. He also admits that he consulted with the Public Defender prior to the hearing on his post-conviction petition. The only reasonable conclusion that can be reached is that the 16-day incarceration, if it occurred, did not coerce the guilty plea. The defendant did not allege it did, the surrounding circumstances do not indicate such co-

ercive effect and the Public Defender after consulting with defendant did not make such an allegation.

The allegations of the petition charging irregularities of his arrest and detention fail to present a constitutional question. (*People* v. *Orndoff*, 39 Ill.2d 96.) *People* v. *Slaughter*, 39 Ill.2d 278, and *People* v. *Craig*, 40 Ill.2d 466, cannot be construed as requiring the Public Defender, after he had consulted with defendant, to amend the *pro se* petition and allege a coerced plea when in fact there was no coercion. (See *People* v. *Chapman*, 33 Ill.2d 429.) An examination of the pleadings discloses that further proceedings were not necessary. *People* v. *Collins*, 39 Ill.2d 286.

We hold that the circuit court of Macon County properly dismissed the petition.

*Judgment affirmed.*