THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. JESSIE SPEARS, Appellant.

*Opinion filed November 30, 1971.*

WAYNE B. FLANIGAN, of Waukegan, appointed by
the court, for appellant.

WILLIAM J. SCOTT, Attorney General, of Spring-
field, and JACK HOOGASIAN, State's Attorney, of
Waukegan, (JAMES B. ZAGEL, Assistant Attorney Gen-
eral; THOMAS M. P. HANNIGAN and ALPHONSE F.
WITT, Assistant State's Attorneys; of counsel,) for the
People.

MR. JUSTICE KLUCZYNSKI delivered the opinion
of the court:

This is an appeal from a judgment of the circuit court
of Lake County dismissing defendant's post-conviction
petition. On July 22, 1965, the defendant, who was 16
years old, and three co-defendants pleaded guilty to a
charge of robbery. After a denial of a motion for
probation, defendant was remanded to the custody of the
Illinois Youth Commission (hereinafter the Commission)
(Ill.Rev.Stat. 1965, ch. 38, par 119—2(c)), and his co-
defendants, who had attained the age of 17, were

sentenced to the penitentiary for a term of 2 to 4 years. Ill.Rev.Stat. 1965, ch. 38, par. 119—2(a).

On October 15, 1967, the Commission (the authority then vested with such powers) filed a petition requesting that the defendant, who then was 18 years old, be transferred to the penitentiary. This petition alleged, *inter alia,* that the defendant was not responsive to the Commission's rehabilitation program; that on several occasions defendant was paroled only to be returned because he failed to properly adjust to parole; and finally, the other youths who were in the Commission's custody at Sheridan, Illinois, were fearful of defendant because of his physical assaults upon them. After hearing evidence and argument on the petition, the trial court held that the material allegations were true and ordered that the defendant be transferred to the penitentiary where he is presently incarcerated.

Defendant now contends that the statutory provision under which he was sentenced deprived him of equal protection of the law. In substance, he maintains that section 119—2(c) (Ill.Rev.Stat. 1965, ch. 38, par. 119—2(c)) unreasonably and arbitrarily classified him and therefore, because of his age, subjected him to a harsher penalty than his co-defendants received.

Section 119—2(c) provided that: "All male persons under 17 *** years of age sentenced to imprisonment shall be committed to the Illinois Youth Commission. Such commitment shall be general without a minimum or maximum limit but the duration thereof shall not exceed the maximum term provided by law for the offense of which the person was convicted which maximum term shall be deemed to be the sentence of the court. The provisions of the Youth Commission Act shall be a part of such commitment as fully as though written in the order of commitment. *** [U]pon request of the Youth Commission after a male has reached 17 *** years of age,

the court may conduct a hearing with opportunity to the defendant to be heard and defend and order such person transferred or committed to the penitentiary ***." Ill. Rev.Stat. 1965, ch. 38, par 119—2(c).

The aforementioned provision imposed a mandatory obligation upon the trial court to sentence defendant to the maximum term for the offense of robbery which was 20 years imprisonment. (Ill.Rev.Stat. 1965, ch. 38, par. 18—1(b).) Upon defendant's transfer to the penitentiary the trial court did not specify any fixed term of confinement, thus defendant is under sentence of 1 to 20 years. He argues that this sentence is unreasonably harsh in view of the lesser sentences imposed upon his co-defendants, and that this discrepancy has resulted not from his greater culpability in the robbery but solely from the unreasonable classification imposed by section 119—2(c).

It is within the legislative purview to determine the extent and manner of punishment for a crime but this latitude is subject to constitutional limitations. *(People ex rel. Kubala v. Kinney, 25 Ill.2d 491.)* However, "[n] either the constitutional requirement of equal protection of the law nor that of due process proscribes a classification between groups differently situated, so long as a reasonable basis for the distinction exists." *People v. Johnson, 15 Ill.2d 244, 251;* see also *People v. McCabe, 49 Ill.2d 338.*

The court has recognized "The fact that youthful offenders are largely unsettled in their characters and habits may be taken into consideration by the legislature in fixing the punishment for crime, both in determining the method of inflicting punishment and in limiting its quantity and duration." *(People v. Fowler, 14 Ill.2d 252, 259.)* One of the salutary purposes set forth in the establishment of the Commission was the rehabilitation of youths who had been adjudged guilty of criminal offenses. (Ill.Rev.Stat. 1965, ch. 23, par. 2502.) Moreover, the

Commission was empowered to provide various methods of corrective training in an effort to rehabilitate those who were placed in the Commission's custody. (Ill.Rev.Stat. 1965, ch. 23, par. 2520.) To further achieve this goal, we believe the legislature delegated greater discretion to the Commission concerning a youth's parole eligibility than to the Department of Public Safety which had supervision of older felons. Compare Ill.Rev.Stat. 1965, ch. 38, par. 123–2(a), with ch. 23, par. 2519.

The result of these provisions would have allowed the defendant in the instant case to be paroled or possibly discharged at an earlier date than any of his co-defendants. The Commission's petition seeking defendant's transfer to the penitentiary alleged that the defendant, in fact, had been paroled several times only to be returned for violation of parole. Under the circumstances the defendant received a more lenient sentence than that of his co-defendants when viewed in the context of eligibility for parole or discharge but he, in effect, has lengthened his incarceration through his own conduct and inability to rehabilitate. Therefore he cannot complain that he was deprived of equal protection of the law because in retrospect his co-defendants received a lesser maximum sentence.

Defendant finally argues that he was denied due process of law when the trial court ordered his transfer to the penitentiary. He bases this contention upon the revision of section 119–2(c) enacted shortly before the trial court's order. (Ill.Rev.Stat. 1967, ch. 38, par. 119–2(c).) The revised section provided that the trial court in committing an offender to the custody of the Commission could establish its own minimum and maximum term of confinement and could modify this sentence while the court retained jurisdiction of the defendant. However, in the instant case the trial court did not modify defendant's sentence upon his transfer to the penitentiary, therefore he maintains that he was denied due process

because the trial court failed to prescribe a sentence commensurate with that imposed upon his co-defendants.

We do not agree. At the time of the original disposition of defendant's case the statute required the trial judge to impose the statutory sentence of a minimum of one and a maximum of twenty years. The revised statute, effective at time of defendant's subsequent transfer, provided that: "Such order of committment shall be the sentence of the court, which *may* be amended by the court while jurisdiction is retained." (Ill.Rev.Stat. 1967, ch. 38, par. 119—2(c), emphasis added.) This section granted discretionary power to the trial judge and did not impose a mandatory duty to modify the previously imposed sentence. In the instant case we find that the trial judge did not abuse his discretion in not choosing to fix a minimum and maximum term which would have modified the original sentence. It is well established that a defendant cannot complain that his sentence was excessive compared with the sentences of his co-defendants when the sentence was within the statutory limits for the offense and the trial court could have considered other relevant factors concerning defendant's conduct. *(People v. Fuca, 43 Ill.2d 182; People v. Pulaski, 15 Ill.2d 291; cert. denied 359 U.S. 997, 3 L.Ed.2d 985, 79 S.Ct. 1134.)* The record reveals that the defendant had previously been paroled several times only to be returned for his failure to properly adjust. These matters were before the trial judge and may have been taken into account by him when he transferred defendant to the penitentiary. Therefore, we hold that the trial judge did not abuse his discretion by failing to reduce defendant's sentence.

For the aforementioned reasons the judgment of the circuit court of Lake County is affirmed.

*Judgment affirmed.*