THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES WILLIAM QUINBY, Defendant-Appellant.

(No. 71-319; ■■■■■■

Second District—July 11, 1972.

456

William A. Bomp, of Loves Park, for appellant.

William J. Scott, Attorney General, of Springfield, and Philip G. Reinhard, State's Attorney, of Rockford, (Fred G. Leach and Thomas J.

Immel, Assistant Attorneys General, and Rolland J. McFarland, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

On October 26, 1966, the defendant, Charles William Quinby, pleaded guilty to a charge of voluntary manslaughter and was sentenced to the penitentiary for a term of not less than 14 years nor more than 20 years. The defendant's petition for relief under the Post Conviction Hearing Act (Ill. Rev. Stat. 1967, ch. 38, sec. 122—1 *et seq.*) was heard by the trial court in an evidentiary hearing. The court denied relief and the defendant appealed to the Supreme Court from this order of dismissal. Pursuant to the 1971 amendment of the Post Conviction rule, the Supreme Court assigned the cause to this court. Ill. Rev. Stat. 1971, ch. 110-A, par. 651.

The defendant relies upon three allegations which he claims entitled him to post conviction relief. They are: (1) The Public Defender permitted the proceedings in the prior trial resulting in a hung jury, to stand as a hearing in aggravation and mitigation without informing the defendant of his right to such a hearing. (2) That neither the court nor the Public Defender advised him of his right of appeal. (3) The Public Defender failed to request the court to order an investigation and report on the defendant's application for probation.

The defendant was indicted July 13, 1966, on the charge of murder of his wife. In September of 1966 the defendant was tried before a jury which was discharged on September 27, 1966, when it reported to the court that it was unable to reach a verdict. On October 26, 1966, the defendant entered a plea of guilty to the charge of voluntary manslaughter and was sentenced to not less than 14 years nor more than 20 years in the Illinois State penitentiary.

It appears from the record that the defendant took the stand in the original trial and testified in his own behalf. He testified that he strangled his wife with a drop cord after telling her he was going to kill her. He testified that he lost a leg in 1941; that he had been married thirteen years to the victim and testified in great detail about his wife's infatuation with another man. He went to California looking for his wife after she left him on April 13th, 1966. He did not find her but she returned to Rockford two months later where he met with her in an attempt at reconciliation. She advised him she wanted a divorce. The attempted reconciliation failed and while he was talking with her in his room he used a light cord to strangle her although he said he did not mean to do so.

At the evidentiary hearing in the trial court held on September 28,

1970, John T. Beynon, the Public Defender who represented the defendant both in the trial resulting in a hung jury and in his subsequent plea of guilty to voluntary manslaughter, testified with regard to the question of informing the defendant of his right to a hearing in aggravation and mitigation. Mr. Beynon testified as an attorney that he had explained in detail the fact that inasmuch as the defendant had testified in the prior trial none of the testimony could be changed and the State would in fact use the testimony. He stated that he did not use the terms "aggravation" or "mitigation" but that he explained to the defendant in detail that he was entitled to such a hearing. The Public Defender further testified that he asked the defendant if he wished him to present anything in his behalf to mitigate the circumstances in an attempt to cut down the sentence and that he could call anyone he wanted to. The defendant told him he had no one to call. He stated he did not use the formal phrase of "aggravation and mitigation" but advised the defendant that if there were anything he wanted to say to the court in his behalf he could do so. He further testified he stated "If you want me to bring anybody in to testify in your behalf, tell me and I will." The Public Defender went on to say that he was impressed with the fact that the defendant did not have "anybody coming forth for him and he so stated." He further testified he advised him that "all the things that went into consideration for a petition for probation were before the Judge and the Judge remembered them as well as anybody."

The Public Defender did make application for probation for the defendant; he discussed this with the defendant; and advised him that he doubted very much that the defendant would get probation. The Public Defender further testified at the evidentiary hearing that it was his decision at the time and that he told the defendant that nothing more could be said in either the application for probation or in a hearing in aggravation and mitigation that had not already been said in the record on the prior trial. The signed petition for probation was presented to the court on the date sentence was passed. The Court denied probation based upon the evidence which he had heard in the prior trial and at the time of sentencing twice asked the defendant if he wished to say anything further and the defendant answered "No."

Under the circumstances it appears that the Public Defender made a serious and studied effort to explain to the defendant his right to present evidence and stated specifically he did not use the terms "aggravation" or "mitigation" because it was his experience that lay people did not understand those terms and that he had explained the right to such a hearing in laymen's language.

■■■ The defendant further contends that a hearing in aggravation and mitigation is mandatory unless understandingly waived by the defendant. That, however, is not the law in Illinois. In *People v. Muniz* (1964), 31 Ill.2d 130, 138 the court expressly held:

"Sufficient answer to this exists in our prior holding that failure to request such hearing constitutes a waiver thereof, since the record here indicates no request was made. [Citations.] Actually the record discloses that defense counsel made what only could be construed as a statement in mitigation  *  *  * The record also discloses that following judgment, and before pronouncing sentence the court also inquired of defendant as to whether he had anything to say, and defendant answered 'No.' Since this apparently occurred in the presence of counsel and following the mitigating statement, defendant cannot now complain that he was denied a hearing."

In the instant case the mitigating circumstances as pointed out by defense counsel were before the court and considered by the court. In *People v. Nelson* (1969), 41 Ill.2d 364 the Supreme Court reversed the Appellate Court which had held that no hearing in aggravation and mitigation was held and vacated the sentence and remanded the case. The Supreme Court held that the statute with relation to hearings in aggravation and mitigation contemplates the possibility of a waiver of hearing in mitigation by the defendant. (Ill. Rev. Stat. 1965, ch. 38, par. 1—7 (g).) The court stated at page 367:

"The burden of presenting mitigating circumstances in a record falls upon a defendant and it is he who must make a substantial showing in order to justify a reduction of sentence on review. We have held that it is incumbent on the defendant to request hearing, and failure to do so constitutes a waiver. [Citation.]"

In the instant case Counsel's determination to submit to the court defendant's testimony in aggravation and mitigation from the prior trial was proper. The defendant had testified in detail as to the reason he had strangled his wife and as indicated when asked by the court stated he had nothing further to state. The contention of the defendant that this does not constitute a sufficient hearing in aggravation and mitigation is without merit.

■■ Additionally, the question of deprivation of defendant's rights to a statutory hearing in aggravation and mitigation does not confer any constitutional right. The instant case is a post conviction hearing, and even if there were any error in this regard it is not a constitutional question. *People v. Fuca* (1969), 43 Ill.2d 182 at 185, 251 N.E.2d 239. *People v. Orndoff* (1968), 39 Ill.2d 96, 233 N.E.2d 378.

■■■ The defendant's second contention is that his constitutional rights were violated because the court and his counsel failed to advise him of his right of appeal. The defendant was sentenced upon a plea of guilty in October of 1966. At that time the Supreme Court Rule 27 (6), Ill. Rev. Stat. 1965, ch. 110-A, par. 101.27 did not require the court to advise the defendant of his right of appeal upon a plea of guilty. Historically, this rule was subsequently changed as Supreme Court Rule 605 which did in fact require the court upon a plea of guilty to advise the defendant of his right of appeal. In 1970 the rule was again amended effective July 1st, 1971, that the court need not advise the defendant of his right of appeal upon a plea of guilty. Therefore, at the time the defendant was sentenced it was not incumbent upon the court to so advise the defendant. The failure of counsel to advise the defendant of his right of appeal is not a constitutional question. In the instant case the defendant had been charged with murder, admitted strangling his wife, pleaded guilty to a lesser offense of voluntary manslaughter, and the chance of a successful appeal would be extremely remote. No constitutional issue can be seen under the circumstances.

■■ The last contention of the defendant is that the Public Defender did not request the court to order an investigation and report made on the petition for release on probation. The defendant cites no authority for such a contention except the general principle that such an investigation would provide full information. Here again, the Public Defender counseled with his client and advised him that probation was most unlikely, and that in effect nothing more could be submitted than the court already knew. This contention is without merit as well.

■■ The sum and substance of defendant's contention is that his constitutional rights were violated by the incompetence of counsel. We have examined the record and we do not find that counsel was incompetent, but on the contrary, he well represented the defendant both in the trial resulting in a "hung jury" and in his subsequent plea of guilty to the lesser offense and in his post trial motions under the facts of this case. *People v. Scott* (1969), 43 Ill.2d 135 at 138, 251 N.E.2d 190.

We find that defendant's post conviction petition presents no showing of any violation of constitutional rights and the judgment of the Circuit Court dismissing defendant's petition after an evidentiary hearing is therefore affirmed.

Judgment affirmed.

SEIDENFELD, P. J., and T. MORAN, J., concur.