THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHNNY HEARD, Defendant-Appellant.

(No. 71-217;

Fifth District—March 16, 1973.

Robert E. Farrell, of Defender Project, of Mt. Vernon, (James R. Homola, Senior Law Student, of counsel,) for appellant.

Robert H. Rice, State's Attorney, of Belleville, for the People.

PER CURIAM:

Petitioner pleaded guilty in St. Clair County to armed robbery and was sentenced to four to five years in the penitentiary pursuant to a plea agreement. Petitioner subsequently filed a *pro se* post-conviction petition alleging that the sentence should be reduced; counsel was appointed to represent him. At the argument on the State's motion to dismiss, counsel for petitioner stated that after consulting with petitioner, petitioner's trial counsel and friends and relatives of petitioner having knowledge of the circumstances, and after reviewing the record, he did not believe that an issue of constitutional dimension existed. The petition was dismissed and petitioner appeals. New counsel was appointed to represent the petitioner on this appeal.

■■ Petitioner claims that his sentence lacks proper indeterminacy and is excessive in that it does not take into account the possibilities for rehabilitation of the offender as required by the Illinois Constitution. (Ill. Const. art. I, sec. 11.) The Supreme Court of Illinois has held that lack of indeterminacy of sentence is not an issue of constitutional magnitude. (*People v. Shaw*, 49 Ill.2d 309, 273 N.E.2d 816; *see also People v. Wisdom*, 6 Ill.App.3d 840, 286 N.E.2d 749.) The appellate courts have held that, where the sentence imposed is within statutory limits, the severity of the sentence raises no constitutional question (*Fortson v. People*, 8 Ill.App.3d 613, 291 N.E.2d 45; *People v. Lee*, 5 Ill.App.3d 421, 283 N.E.2d 740; *People v. Murry*, 5 Ill.App.3d 69, 283 N.E.2d 98). We thus conclude that petitioner does not state a substantial constitutional claim as required by Ill. Rev. Stat. 1969, ch. 38, par. 122—1, and that the trial court's dismissal of the petition was proper.

■■ Petitioner also claims that he was denied effective assistance of counsel in the preparation and advocacy of his post-conviction petition. An attorney appointed to represent a petitioner in a post-conviction action is required to consult in person or by mail with the petitioner, examine the trial proceedings, and correct any deficiencies and make any amendments necessary to the *pro se* petition. Compliance must be shown

by the record. (Ill. Rev. Stat. 1969, ch. 110A, par. 651(c).) It is clear from the record in the instant case that petitioner's court-appointed attorney complied with these provisions, consulting with petitioner's trial counsel, friends and relatives, and making an independent investigation of the claims. It was not improper for him to then concur in the petition.

■■ Petitioner further claims that counsel was incompetent in not pursuing other available modes of relief. Supreme Court Rule 606(c) (Ill. Rev. Stat. 1969, ch. 110A, par. 606(c)) provides that the appellate court may grant leave to file late notice of appeal within six months of the expiration of the time for perfecting appeals, upon a showing by the defendant that the appeal has merit and that the delay was not due to his culpable negligence. Petitioner in this case claims that the attorney appointed for post-conviction representation should have pursued the path of direct appeal as well, and that failure to do so constituted incompetency which has substantially prejudiced the petitioner. Although, at the time counsel was appointed, the time for filing a late notice of appeal had not expired, counsel's failure to do so is not sufficient incompetency to reverse. (*People v. Roebuck,* 7 Ill.App.3d 7, 286 N.E.2d 149.) After careful consideration of the record before us, we conclude that petitioner received the full benefit of competent counsel in the prosecution of his post-conviction petition.

For the reasons set out above, the circuit court judgment dismissing the post-conviction petition is affirmed.

Judgment affirmed.