THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FRANKLIN NULL, Defendant-Appellant.

(No. 11602; ▮▮▮▮▮▮▮▮▮

Fourth District—July 25, 1973.

John F. McNichols, Deputy Defender, of Springfield, (J. Daniel Stewart, Assistant Defender, of counsel,) for appellant.

Richard A. Hollis, State's Attorney, of Springfield, for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Defendant was convicted of forgery upon his plea of guilty. Sentence of five to ten years was imposed. Defendant's petition for post-conviction was dismissed by the trial court without an evidentiary hearing. Defendant appeals.

■■ It is alleged that the trial court failed to advise defendant of his right to have counsel appointed prior to and at the time of taking the plea. Such allegation is completely contradicted by the record which shows that upon arraignment defendant was asked whether he had an attorney and whether or not he wished to have an attorney appointed. Such inquiry was again made at the time of the taking of the plea, and in a colloquy concerning a petition for probation defendant was asked whether he wished an attorney for such hearing, and again whether he wished to have an attorney appointed. To each inquiry defendant replied that he did not wish an attorney appointed. Since the record is clear that the allegation is specious, an evidentiary hearing is not required. *People v. Brown*, 41 Ill.2d 230, 242 N.E.2d 242.

■■ The allegation that defendant, by reason of physical and mental condition, was unable to understand the admonitions concerning the right to counsel is but a conclusion without allegations of fact. (*People v. Williams*, 52 Ill.2d 466, 288 N.E.2d 353.) The record of defendant's statements in open court again contradict the allegation. The hearings at issue were held over a span of several days. Nothing in the record suggests that defendant was under any disability and no facts are alleged in the petition which suggest that the court might doubt defendant's competency. (*People v. Brown*, 41 Ill.2d 230, 242 N.E.2d 242.) Defendant, in fact, pointed out to the court that while being held in jail, he had served as a trusty.

■■ The allegation of a good defense to the charge is waived by the plea of guilty. *People v. Jackson*, 47 Ill.2d 344, 265 N.E.2d 622.

Rehearing having been granted, we further consider the question whether upon an appeal from an order denying post-conviction relief, the sentence may be modified pursuant to the Unified Code of Corrections effective January 1, 1973.

■■ In *People v. Chupich*, 53 Ill.2d 572, 295 N.E.2d 1, the court examined the language of such Code, Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1008—2—4:

> "If the offense being prosecuted has not reached the sentencing stage or a final adjudication, then for purposes of sentencing the sentences under this Act apply if they are less than under the prior law upon which the prosecution was commenced.",

and determined that the penalties provided were applicable for the rea-

son that cases pending on direct appeal upon the effective date of the statute were not finally adjudicated within the meaning of such statute. *People v. Harvey,* 53 Ill.2d 585, 294 N.E.2d 269.

■■ Defendant argues that Ill. Rev. Stat. 1971, ch. 38, par. 122—6, providing for post-conviction hearing, confers the power to reduce sentence in the language:

> "If the court finds in favor of the petitioner, it shall enter an appropriate order with respect to the judgment or sentence in the former proceedings and such supplementary orders as to rearraignment, retrial, custody, bail or discharge as may be necessary and proper."

In *People v. Ballinger,* 53 Ill.2d 388, 292 N.E.2d 400, the court stated that a sentence within the statutory limit, but asserted to be excessive, was subject to review on direct appeal but was not cognizable in post-conviction proceedings. Such opinion suffices to undo defendant's argument that *People v. Fuca,* 43 Ill.2d 182, 251 N.E.2d 239, stated an implicit recognition of the power of the reviewing court to reduce sentence in post-conviction proceedings.

■■ It is urged that it is a denial of equal protection to modify a sentence pursuant to the Code where a direct appeal pends, as in *Chupich,* but to deny such procedure in post-conviction. The statute concerning post-conviction provides a proceeding civil in nature in which petitioner has the burden of proof. (*People v. Harper,* 43 Ill.2d 368, 253 N.E.2d 451.) It is a new proceeding which inquires into constitutional issues not already adjudicated. (*People v. Derengowski,* 44 Ill.2d 476, 256 N.E.2d 455.) Paragraph 122—1 requires that the petition be filed within 20 years after final adjudication. It is thus a form of collateral attack upon a final judgment. See *Fontaine v. United States,* (U.S.), 36 L.Ed.2d 169, (93 Sup.Ct.). The state had a legitimate interest in seeking a finality of judgment and the distinction between direct appeals and appeals from a collateral attack upon the conviction is not unreasonable and arbitrary. *People v. Spears,* 50 Ill.2d 14, 276 N.E.2d 322.

Defendant argues that the petition alleges that the sentence imposed was unduly harsh and not proportionate to the offense committed, and that such allegation raises a constitutional issue under art. I, par. 11 of the Illinois Constitution of 1970, and the penalties provided in the Unified Code of Corrections effective January 1, 1973.

■■ The statutory description and requirements make clear that post-conviction relief is to be granted only as to matters effecting a denial of constitutional interests in the matter of the original conviction. Chapter 38, par. 122—1, provides for a petition by one:

> "[W]ho asserts that in the proceedings which resulted in his

conviction there was a substantial denial of his rights under the Constitution of the United States or the State of Illinois or both * * *."

Par. 122—2 provides that the petition shall:

"[C]learly set forth the respects in which petitioner's constitutional rights were violated.",

and the record or other evidence supporting such allegations. Relief under the post-conviction statute is clearly limited to constitutional issues arising in the proceedings which result in conviction.

The judgment is affirmed.

Affirmed.

CRAVEN, P. J., and SMITH, J., concur.