The People of the State of Illinois, Plaintiff-Appellee, *v.* William Moyer, Defendant-Appellant.

(No. 12009; )

Fourth District—March 7, 1974.

John F. McNichols, Deputy Defender, of Springfield (John L. Swartz, Assistant Appellate Defender, of counsel), for appellant.

Basil G. Greanias, State's Attorney, of Decatur (Scott B. Diamond, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

The circuit court of Macon County dismissed defendant's post-conviction petition without an evidentiary hearing and that dismissal is assigned as error. The original conviction of the defendant was affirmed by this court in *People v. Moyer*, 1 Ill.App.3d 245, 273 N.E.2d 210. The defendant was represented by the public defender on his original trial and by another attorney at his request on his first appeal. Following affirmance by this court, he filed his *pro se* petition for post-conviction relief. Counsel was appointed for him, an amended petition was filed and it was supplemented by additional material. The trial court dismissed the post-conviction hearing on motion by the State's Attorney. On this appeal the defendant is represented by the State Appellate Defender. The trial judge who heard the original trial likewise heard the post-conviction hearing. In this court present counsel filed an original brief and a reply brief. The petitioner filed his own brief and requested oral argument. These facts are mentioned because of some of the charges made and to indicate that this petitioner's case has had more than a cursory examination and review by our judicial system.

■■ The defendant urges that his sentence of 5 to 10 years should be reduced to not more than ⅓ of the maximum or to a term of 3 years and 4 months. (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—1(c)(4).) This request must be denied as a post-conviction hearing is not the

proper vehicle for the reduction of sentence. (*People v. Ballinger,* 53 Ill. 2d 388, 292 N.E.2d 400.) This court has previously denied such relief and we adhere to the views therein expressed. (*People v. Null,* 13 Ill. App.3d 60, 299 N.E.2d 792.) Leave to appeal in this case was denied by the Illinois Supreme Court on November 29, 1973, and our mandate issued on January 9, 1974.

The defendant alleges that he was illegally detained without being informed of the charges against him and that this is sufficient to require an evidentiary hearing as to constitutional rights. The defendant was taken into custody around 10:30 on a Saturday evening, August 24, and was not brought before a judge until Tuesday, August 27. In *People v. Loy,* 43 Ill.2d 264, 253 N.E.2d 406, the defendant was detained for 16 days without being charged with a crime. In that case there was no suggestion that this detention in any way influenced the ultimate plea of guilty. In *Loy* it was stated, "The allegations of the petition charging irregularities of his arrest and detention fail to present a constitutional question. * * *" nor can it be construed "as requiring the Public Defender, * * *, to amend the *pro se* petition and allege a coerced plea when in fact there was no coercion." Likewise here the charge in the defendant's petition and in his brief that the detention was used to coerce the defendant into incriminating himself or foregoing some other constitutionally protected right is simply not supported by the record. The record of the original trial contains not one single word of evidence of statements made by the defendant that tended to incriminate him. If there were any other constitutionally protected rights that influenced the result in that case, it is shown neither in that record nor in this. His assertion that he was told he would not be permitted to consult with any attorney until he cooperated in giving a sample of handwriting or that he was forced to stand in a line-up without knowing what the charge was to be against him simply do not raise constitutional issues. The fact remains that he was taken before a judge, counsel was appointed for him, and he was given a trial which has been affirmed on appeal. The defendant cites *People v. Stepheny,* 46 Ill.2d 153, 263 N.E.2d 83, where the methods employed by the defense counsel in the trial suggest that the results of the trial may well have been occasioned by the failure to call certain witnesses and that it might well have produced a different result. Defendant likewise cites *People v. Sigafus,* 39 Ill.2d 68, 233 N.E.2d 386, where the allegations of the petitions were that the defendant's plea of guilty was in reliance on the promise of the prosecutor for a certain sentence. A different sentence was imposed. The State's answering affidavit to the petition denied the truth of the assertion. Thus, there an issue of fact was presented to the trial court that required an evidentiary

hearing. Such cases and the principles stated therein are poles apart from the situation that we have here. Here the trial judge who passed on the post-conviction petition was the original trial judge. He characterized the defense in the original trial as vigorous and well-done. This court reviewed the record and the charges in that case. No issue of inadequacy of counsel or failure to produce any evidence that might have changed the result in the trial were there apparent. There are none shown in this petition.

The defendant contends that the contitutional right to remain silent was violated. According to the defendants' own version after his arrest, Officer Sallee asked him his name and address and "then advised me of my right to remain silent and to have counsel present. I informed Officer Sallee that I wished to exercise both of these rights and that I couldn't afford to retain private counsel. * * * Officer Sallee asked what relation I was to Mr. Homer Everman. Officer Sallee then asked if I had ever made any purchases at the Bachrach Clothing Store on anybody else's account, to which I replied that I had not. He then asked if I had made any purchases at all at Bachrach's to which I replied that I refused to answer any more questions. The last question was if I would mind standing a line-up later on that day, to which I replied that I did not want to stand a line-up without advise of counsel." It may be conceded that once the defendant indicated that he wanted to exercise his constitutional right to remain silent, interrogation should have ceased. (*Miranda v. Arizona*, 384 U.S. 436, 16 L.Ed.2d 694, 86 S.Ct. 1602.) However, when one looks at the contents of the questions and answers upon which the defendant asserts he was denied constitutionally protected rights, it is difficult to see where there was any prejudice to the defendant by the use of these statements to impeach at his trial. In addition, this is an issue that could have been raised on the original appeal.

■■ In *People v. Armes*, 37 Ill.2d 457, 227 N.E.2d 745, the Illinois Supreme Court stated that it was not the purpose of the Post-Conviction Hearing Act to have claims considered which could have been presented on a direct review of the conviction, and that failure to raise such an issue on direct review of the conviction is considered a waiver as a matter of law. It was there indicated that only where fundamental fairness requires it will the rule of waiver be relaxed by the court. (*People v. Hamby*, 32 Ill.2d 291, 205 N.E.2d 456.) Nothing in this record warrants the use of the fundamental fairness rule.

■■ The trial court in this case carefully analyzed the various objections made and in our judgment came to the correct conclusions. Much of the defendant's *pro se* material raises matters that should have been raised in the original trial. We have carefully read each of the allegations in

the material supplied by him. None has any substance, either in fact or in law. A fair sample of many of the charges is suggested when the defendant in his own *pro se* petition stated, "Petitioner is not attacking trial counsel's competency, petitioner is saying that the man deliberately sold petitioner out. * * *" He charges that "trial counsel cooperated with the bench and prosecutor to exclude the jury from the courtroom several times throughout the trial to keep them from hearing facts that would definitely have raised reasonable doubt". He charges that "the record shows how trial counsel, the prosecutor and the judge got together and compiled a barrage of illegal, one-sided and most unfair I.P.I. Instructions * * * totally unrelated to the issues involved in this case, designed and presented to the gullible inexpertise of the lay jury to convict." His assertions of failure of preceding counsel and deprivation of constitutional rights result either from misinformation or lack of knowledge about proper courtroom, trial and appeal procedures and are totally devoid of merit. We therefore conclude that no evidentiary hearing was either necessary or required on the record before us. *People v. Goerger,* 52 Ill.2d 403, 288 N.E.2d 416.

Accordingly, the judgment of the trial court is correct and it is affirmed.

Affirmed.

CRAVEN and KASSERMAN, JJ., concur.