The People of the State of Illinois, Plaintiff-Appellee, *v.* Kenneth E. Seidler, Defendant-Appellant.

(No. 73-319;

Fifth District—April 9, 1974.

Robert E. Ferrell, Deputy Defender, of Mt. Vernon, for appellant.

W. C. Spomer, State's Attorney, of Cairo (Ralph J. Mendelsohn, Assistant State's Attorney, and Darrel L. Conley, of counsel), for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

The defendant, who was represented by the public defender, pleaded guilty to the offenses of burglary, theft and possession of burglary tools. He was sentenced to serve three concurrent terms in the penitentiary, 3 to 5 years for the offenses of burglary and theft and 1 year to 1 year and 1 day for possession of burglary tools.

On January 5, 1973, the defendant notified the Circuit Court of Alexander County of his intention to file a post-conviction petition and requested that an attorney be appointed to represent him. The same public defender who had represented the defendant throughout the proceedings was appointed again, and a post-conviction petition was filed. The State filed a motion to dismiss the petition, a hearing was held and the motion to dismiss was granted pursuant to a finding that the petition did not present an issue of constitutional magnitude.

The defendant appeals the dismissal of the post-conviction petition and alleges that: (1) the sentences imposed for theft and burglary do not comply with the Unified Code of Corrections, (2) those sentences are excessive and in violation of article 1, section 11 of the Illinois Constitution, and (3) the defendant was not adequately represented by counsel in the post-conviction proceeding.

The sentences of 3 to 5 years for theft and burglary are inconsistent with certain provisions of the Unified Code of Corrections (Ill. Rev. Stat., ch. 38, sec. 1005—8—1(c)(3) and (4)). Relief under the Post-Conviction Hearing Act, however, is limited to errors of a constitutional magnitude (Ill. Rev. Stat. ch. 38, sec. 122—1; *People v. Fuca*, 43 Ill. 2d 182, 251 N.E.2d 239), and sentencing inconsistencies with the Code do not present issues of that nature.

■■ The defendant maintains that the Code should be applied to cases in a post-conviction proceeding. He relies upon supreme court decisions holding that the Code shall be applied to cases which have not reached "final adjudication." (*People v. Harvey*, 53 Ill.2d 585, 294 N.E.2d 269; *People v. Chupich*, 53 Ill.2d 572, 295 N.E.2d 1.) The defendant asserts that, until post-conviction relief has been denied and reviewed, a case has not reached "final adjudication." There is no merit to that proposition as it would result in the absurd conclusion that, in all cases in which post-conviction relief is not sought, a conviction would not reach "final adjudication" until 20 years after the conviction. We therefore hold that the Unified Code of Corrections is not applicable in a post-conviction proceeding if the defendant has already exercised a direct appeal or if his time for doing so has expired. *People v. Null*, 13 Ill.App.3d 60, 299 N.E.2d 792.

■■ The defendant's second contention is that the sentences imposed were excessive. He contends that a question of constitutional magnitude was presented because the sentences were not in conformance with article 1, section 11 of the Illinois Constitution which provides that:

> "All penalties shall be determined both according to the seriousness of offense and with the objective of restoring the offender to useful citizenship."

In *People v. Ballinger*, 53 Ill.2d 388, 292 N.E.2d 400, the defendant was convicted of murder and sentenced to serve 35 years in the penitentiary. A post-conviction petition alleging that the sentence imposed was excessive was dismissed without an evidentiary hearing. The Illinois Supreme Court affirmed the circuit court and stated:

> "The sentence is within the statutory limits and although subject to review on direct appeal, the allegation of excessiveness raises no issue cognizable under the Post-Conviction Hearing Act." (53 Ill.2d at 390.)

Several appellate courts, including this court, have also determined that the alleged excessiveness of a sentence is not cognizable in a post-conviction proceeding. (*People v. Null, supra; People v. Holman*, 12 Ill.App. 3d 307, 297 N.E.2d 752; *People v. Heard*, 10 Ill.App.3d 445, 294 N.E.2d 110; *People v. Murry*, 5 Ill.App.3d 64, 283 N.E.2d 98.) We therefore hold that the defendant has not raised an issue of constitutional dimension.

■■ In any case, the defendant is not entitled to relief because the sentencing issue was not raised by the post-conviction petition. The Post-Conviction Hearing Act provides that:

> "Any claim of substantial denial of constitutional rights not raised in the original or an amended petition is waived." (Ill. Rev. Stat., ch. 38, sec. 122—8.)

When the post-conviction petition fails to raise a particular issue, that issue need not be considered on an appeal from the dismissal of the petition. *People v. Brouhard*, 53 Ill.2d 109, 290 N.E.2d 206; *People v. French*, 46 Ill.2d 104, 262 N.E.2d 901.

The defendant's final contention is that he was not adequately represented by counsel on his post-conviction petition. This claim is based upon the assertion that counsel did not consult with the defendant to determine whether any questions of constitutional magnitude existed. Supreme Court Rule 651(c) provides:

> "* * * The record filed in that court shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner either by mail or in person to ascertain his contentions of deprivation of constitutional right, * * *." Ill. Rev. Stat., ch. 110A, sec. 651(c).

The defendant also relies upon *People v. Slaughter*, 39 Ill.2d 278, 235 N.E.2d 566, and *People v. Jones*, 43 Ill.2d 160, 251 N.E.2d 218, in which the supreme court held that an attorney appointed to represent an indigent in a post-conviction proceeding must consult with his client to ascertain his alleged grievances.

The record reveals that the public defender did confer with the defendant through the mail on one occasion. That letter, however, did not specifically ask the defendant about the possible grounds for post-conviction relief. The letter informed the defendant that, if he wished to allege the incompetency of trial counsel, he should request that another attorney be appointed. Since that letter was not an effort to ascertain the defendant's "assertions of deprivation of constitutional rights," it did not constitute compliance with Rule 651(c).

The State maintains that, since the attorney appointed to assist the defendant in the post-conviction proceeding is the same attorney who had represented the defendant at all prior proceedings, it was not necessary for counsel to consult with the defendant. We do not find the State's reasoning persuasive. It was a distinct possibility in the instant case, even though the public defender had represented the defendant at all stages of the prosecution, the defendant may have been able to state possible constitutional violations which the attorney did not consider.

██ For the foregoing reasons we reverse the order of the Circuit Court of Alexander County dismissing the post-conviction petition, and the cause is remanded with directions that an attorney be appointed to represent the defendant in the post-conviction proceeding.

Affirmed in part, reversed in part and remanded with directions,

G. MORAN, P. J., and CARTER, J., concur.