THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KEITH WIGGINS, Defendant-Appellant.

(No. 72-320;

Third District—February 20, 1975.

James Geis and Robert Agostinelli, both of State Appellate Defender's Office, of Ottawa, for appellant.

Michael Mihm, State's Attorney, of Peoria (James O. Christy, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Petitioner, Keith Wiggins, entered a plea of not guilty to a two-count indictment for burglary and theft filed on October 14, 1971. On December 13, 1971, he withdrew his plea and pleaded guilty to a single count of burglary, and in conformity with a plea agreement was sentenced to a term of not less than 2 nor more than 5 years in the Illinois Department of Corrections. No direct appeal was pursued. Defendant filed petition for post-conviction relief. An attorney was appointed for him, and an amended petition was filed. This appeal is from the dismissal by the circuit court of Peoria County of petitioner's petition for post-conviction relief as amended.

Petitioner contends that he was substantially deprived of due process by the trial court's acceptance of his guilty plea without establishing any factual basis for the plea, contrary to the requirements of Supreme Court Rule 402(c) (Ill. Rev. Stat. 1971, ch. 110A, par. 402(c)).

Due to the view we take of this case, the only issue we need deal with on appeal relates to the People's contention that petitioner cannot raise on appeal an issue which was not raised at the trial level. The People state that the trial court's failure to determine a factual basis for the guilty plea was not raised in either petitioner's original petition or in his petition as amended. Petitioner does not dispute this contention, and accordingly, we agree with the People's argument that the issue cannot be raised for the first time on appeal. *People v. Brown*, 41 Ill.2d 230, 242 N.E.2d 242.

For the foregoing reasons the order of the circuit court of Peoria County is affirmed.

Affirmed.

DIXON and SCOTT, JJ., concur.