THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RONNIE ALLEN, Defendant-Appellant.

First District (4th Division)   No. 61992

Opinion filed July 28, 1976.

James J. Doherty, Public Defender, of Chicago (Dorothea Kaplan and Suzanne M. Xinos, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, David A. Novoselsky, and Edward V. Vienuzis, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

On April 26, 1972, the petitioner, Ronnie Allen, and his co-defendant, Chester Holiday, pleaded guilty to attempted armed robbery and three counts of voluntary manslaughter in the Circuit Court of Cook County, and they were each sentenced to terms of 9 to 14 years on the attempted armed robbery conviction and 9 to 19 years on each voluntary manslaughter conviction, all four sentences to be served concurrently.

The issues on appeal are whether the defendant was denied his constitutional rights when he was convicted and sentenced on three counts of voluntary manslaughter and on one count of armed robbery when the convictions arose out of the same conduct, and whether the defendant was denied due process and equal protection of law where on a post-conviction petition he was denied the identical relief afforded his co-defendant on direct appeal, that is, the reduction of his sentence for voluntary manslaughter as provided by the Unified Code of Corrections.

The petitioner never took a direct appeal from his conviction or sentence, but filed a *pro se* post-conviction petition on March 26, 1974, pursuant to the Post-Conviction Hearing Act (Ill. Rev. Stat. 1973, ch. 38, par. 122—1 *et seq.*). On October 29, 1974, the public defender was appointed to represent the petitioner, and after a hearing, the State's motion to dismiss was sustained. A notice of appeal was timely filed on November 14, 1974, but leave to file a late notice of appeal from the original conviction was denied in August of 1975.

The petitioner's co-defendant, Chester Holiday, perfected a direct appeal, and on August 8, 1974, the Illinois Appellate Court vacated his convictions and sentences on the attempted armed robbery charge and on two of the voluntary manslaughter charges. In conformity with the holdings of *People v. Harvey* (1973), 53 Ill. 2d 585, and *People v. Chupich* (1973), 53 Ill. 2d 572, which allowed the Unified Code of Corrections to be applied to cases which had reached no final adjudication on direct appeal, the court modified Holiday's remaining sentence for voluntary manslaughter from 9 to 19 years to 6 and 1/3 to 19 years (*People v. Holiday* (1974), 21 Ill. App. 3d 796).

■■ The State concedes, based on the *Holiday* case, that the petitioner was improperly convicted and sentenced on the attempted robbery charge and on two of the three counts of voluntary manslaughter and it concedes that this matter is cognizable in a post-conviction proceeding, based on the case of *People v. Cox* (1972), 53 Ill. 2d 101.

■■ The remaining issue is whether it is a denial of due process and equal protection for the petitioner to be denied identical sentencing relief to that afforded his co-defendant on direct appeal. Section 8—2—4 of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1008—2—4) contains the following provision:

> "Prosecution for any violation of law occurring prior to the effective date of this Act is not affected or abated by this Act. If the offense being prosecuted has not reached the sentencing stage or a final adjudication, then for purposes of sentencing the sentences under this Act apply if they are less than under the prior law upon which the prosecution was commenced."

In *Harvey* and *Chupich* the court held that defendants could avail themselves of the Unified Code of Corrections if their direct appeals were not finally adjudicated as of the effective date of the statute. Thus, the Illinois Supreme Court limited the applicability of the Unified Code of Corrections to those defendants with direct appeals and did not extend it to those seeking post-conviction relief. In the case of *People v. Null* (1973), 13 Ill. App. 3d 60, the court confronted the identical issue presented here and rejected the petitioner's contention as follows:

> "It is urged that it is a denial of equal protection to modify a sentence pursuant to the Code where a direct appeal pends, as in *Chupich*, but to deny such procedure in post-conviction. The statute concerning post-conviction provides a proceeding civil in nature in which petitioner has the burden of proof. (*People v. Harper*, 43 Ill. 2d 368, 253 N.E.2d 451.) It is a new proceeding which inquires into constitutional issues not already adjudicated. (*People v. Derengowski*, 44 Ill. 2d 476, 256 N.E.2d 455.) Paragraph 122—1 requires that the petition be filed within 20 years after final adjudication. It is thus a form of collateral attack upon a final judgment. See *Fontaine v. United States*, (U.S.), 36 L. Ed. 2d 169, (93 Sup. Ct.). The state had a legitimate interest in seeking a finality of judgment and the distinction between direct appeals and appeals from a collateral attack upon the conviction is not unreasonable and arbitrary. *People v. Spears*, 50 Ill. 2d 14, 276 N.E.2d 322."

■■■ For the reasons stated in *Null* and because the petitioner here had the same right to a direct appeal as did his co-defendant, we believe sentencing is not a constitutional issue within the purview of the statute. We recognize the unfortunate discrepancy which has resulted in the sentences of the two co-defendants, but we are without authority to reduce the sentence here.

For the reasons stated, the petitioner's conviction and sentence for

voluntary manslaughter as charged in Count I of the indictment are affirmed, and the convictions and sentences on the remaining counts are reversed.

Affirmed in part; reversed in part.

JOHNSON, P. J., and BURMAN, J., concur.