THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. KEVIN JACOBS, Petitioner-Appellant.

Fifth District   No. 5—86—0204

Opinion filed March 25, 1987.

Daniel M. Kirwan and Rita K. Peterson, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

John Baricevic, State's Attorney, of Belleville (Kenneth R. Boyle and Stephen E. Norris, both of State's Attorneys Appellate Prosecutor's Office, and Lawrence D. O'Gara, of counsel), for the People.

JUSTICE WELCH delivered the opinion of the court:

The petitioner, Kevin Jacobs, was indicted for the offenses of armed violence, attempted murder, aggravated battery, and felony theft. Petitioner pleaded guilty to armed violence, aggravated battery, and felony theft in exchange for the State's promise to dismiss the attempted murder conviction and to recommend a sentence not in excess of 10 years' imprisonment. Petitioner was free to recommend the court impose a six-year penal sentence, the minimum penal sentence for armed violence. (Ill. Rev. Stat. 1985, ch. 38, pars. 33A—3, 1005—8—1(a)(3).) The court sentenced petitioner to 10 years' imprisonment on the armed violence conviction and did not impose sentence on the other convictions on the basis that they were merged into the armed violence conviction. Petitioner filed a post-conviction petition which was denied after a hearing.

On appeal, petitioner contends that the aggravated battery and felony theft convictions should be vacated as no sentence was imposed on those convictions. Petitioner relies on *People v. Donalson* (1977), 50 Ill. App. 3d 678, 365 N.E.2d 658, and *People v. Thoms* (1977), 50 Ill. App. 3d 398, 365 N.E.2d 717. While *Donalson* and *Thoms* do stand for the proposition that where no sentence is imposed on a conviction that conviction should be vacated, this court finds that our supreme court's decision in *People v. Scott* (1977), 69 Ill. 2d 85, 370 N.E.2d 540, renders the *Donalson* and *Thoms* cases no longer ap-

plicable. The *Scott* decision allows an appellate court in a direct appeal to remand a cause to the circuit court for imposition of a sentence on a conviction on which a sentence had not initially been imposed. See also *People v. Fico* (1985), 131 Ill. App. 3d 770, 476 N.E.2d 47.

■■ ■ Petitioner next contends that the aggravated battery conviction should be vacated as it is a lesser included offense of the armed violence conviction pursuant to our supreme court's decision in *People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838, *cert. denied* (1977), 434 U.S. 894, 54 L. Ed. 2d 181, 98 S. Ct. 273. The State argues that petitioner has waived this issue as it was not previously raised in this post-conviction proceeding. Petitioner contends that his post-conviction counsel was incompetent for failing to raise the issue in the trial court.

The aggravated battery charge alleged that petitioner had intentionally shot James A. Randolph in the abdomen, thereby causing great bodily harm to Randolph. The armed violence charge alleged that petitioner while armed with a pistol intentionally shot Randolph in the abdomen, thereby causing great bodily harm to Randolph. Whether a petitioner has been improperly convicted of multiple offenses arising from one act is a matter within the scope of the Post-Conviction Hearing Act (Ill. Rev. Stat. 1985, ch. 38, par. 122—1 *et seq.*). (See *People v. Cox* (1972), 53 Ill. 2d 101, 103, 291 N.E.2d 1, 2; *People v. Allen* (1976), 40 Ill. App. 3d 972, 973, 353 N.E.2d 342, 343-44.) In *Cox*, our supreme court noticed the issue as plain error (87 Ill. 2d R. 615(a)); therefore, this court will also notice the matter as plain error. The aggravated battery conviction is a lesser included offense of the armed violence conviction; therefore, this court vacates the aggravated battery conviction.

■ The State contends that if this court does not affirm the denial of the post-conviction petition, the cause should be remanded to the trial court for the imposition of a sentence on the felony theft conviction, which may be ordered served consecutively to the armed violence conviction. The State cites *People v. Davis* (1982), 105 Ill. App. 3d 129, 434 N.E.2d 13, which involves a direct appeal from a conviction. The State cites no case and presents no authority for the proposition that this court in a post-conviction proceeding has the authority to remand a cause to the trial court for imposition of a sentence on a conviction on which no sentence had previously been imposed. A court of review should not be compelled to serve as an advocate for the appellee. (*First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133, 345 N.E.2d 493, 495.) Further, to impose a

214

consecutive sentence at this point in the proceedings would be improper under *North Carolina v. Pearce* (1969), 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072.

█ Petitioner lastly contends that the cause should be remanded so that the trial court could reconsider the 10-year sentence as the sentence might have been affected by the court's consideration of the aggravated battery conviction which has been vacated. This court finds that the aggravated battery conviction could not have possibly affected the sentence imposed (see *People v. Baity* (1984), 125 Ill. App. 3d 50, 54, 465 N.E.2d 622, 625) because the trial court believed that it was dealing with only one conviction, on the basis that the aggravated battery and felony theft were merged into the armed violence conviction.

Except for the vacation of the aggravated battery conviction, the judgment of the circuit court of St. Clair County denying petitioner post-conviction relief is affirmed.

Affirmed in part and vacated in part.

KARNS, P.J., and JONES, J., concur.