THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* VERNON TURNER, Defendant-Appellant.

(No. 72-253; )

Fifth District—October 9, 1973.

Robert E. Farrell, Deputy Defender, of Mt. Vernon, (Richard E. Cunningham, Assistant Appellate Defender, and Richard L. North, Senior Law Student, of counsel,) for appellant.

William J. Scott, Attorney General, of Springfield, and Walter E. Moehle, State's Attorney, of Nashville, (James B. Zagel and Ronald Hanna, Assistant Attorneys General, of counsel,) for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

Defendant was convicted of burglary in a jury trial in the Circuit Court of Washington County and was sentenced to the penitentiary for a term of not less than three nor more than ten years. In this appeal he questions the sufficiency of the indictment to charge an offense and contends that his sentence was excessive.

The indictment charged that defendant knowingly and without au-

thority entered a certain building, "* * * with intent to commit therein a felony or theft, in violation of Ill. Rev. Stat. 1969, ch. 38, par. 19—1."

Defendant contends that the indictment is fatally defective in that it employed the disjunctive language of the statute in alleging that he entered the building with an intent to commit therein a *felony or theft*. He argues that this use of the disjunctive creates uncertainty, depriving him of his constitutional right to know the specific nature of the crime with which he is charged, and further, creates the possibility that he could not later plead his conviction in bar to a subsequent prosecution for entering the building with an intent, perhaps, to commit rape.

■■ We have decided this identical issue in another case considered this term. (*People v. Smith*, 15 Ill.App.3d 61.) We there held that a prior conviction for burglary bars a second prosecution based on the same unlawful entry even though the felony intended to be committed is alleged to be different from that charged and proved in the first prosecution. We also held that an indictment for burglary charging one unlawful entry and employing the disjunctive language of the statute alleging the entry was made with intent to commit a felony or theft was not void for uncertainty. These principles are applicable to the case now before us and we find the indictment sufficient.

In a combined probation hearing and a hearing in aggravation and mitigation following defendant's conviction it was brought out that defendant had two prior convictions of burglary and that three other burglary charges were presently pending against him. It is contended that the minimum sentence imposed on defendant was unduly harsh and may have been induced by the prejudice of the court in considering such improper evidence of arrests that had not resulted in convictions. Defendant asks that his minimum sentence be reduced to one year.

■■ We have reviewed the record and find that the trial court was both knowledgeable and protective of defendant's rights. He had allowed defendant to remain on bail with the exception of weekends pending his hearing on probation and aggravation and mitigation. He was familiar with and did discuss other presently pending cases against defendant, and he was aware of and did discuss the fact that defendant violated his bail and that his return for the presentence hearing was not voluntary. These items were pertinent to defendant's application for probation and, based thereon, probation was properly denied. However, the court also specifically stated that he would not allow these matters to affect his consideration of defendant's sentence, and that though a three year minimum sentence was relatively large it was imposed with

defendant's potential for rehabilitation in mind. There being nothing in the record to indicate prejudice on the part of the court, or that he allowed himself to be influenced by other than proper evidence, we find the sentence imposed was proper and not an abuse of his discretion.

The judgment of the Circuit Court of Washington County is affirmed.

Affirmed.

EBERSPACHER, P. J., and G. MORAN, J., concur.