THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOSEPH L. FICO, Defendant-Appellant.

Fifth District   No. 5—83—0514

Opinion filed March 5, 1985.

Randy E. Blue and Patricia M. Sarter, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Kathleen M. Alling, State's Attorney, of Mt. Vernon (Kenneth R. Boyle, Stephen E. Norris, and Samuel J. Cahnman, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE KASSERMAN delivered the opinion of the court:

The defendant, Joseph L. Fico, was charged with the offenses of residential burglary and criminal damage to property. He was found guilty of both offenses in a bench trial and sentenced to 12 years' imprisonment on the burglary conviction. He was not sentenced on the criminal-damage-to-property conviction. On appeal, defendant contends that he was not proved guilty beyond a reasonable doubt of the offense of residential burglary where the State failed to prove a felonious intent and secondly, that the case must be remanded to the circuit court with directions to vacate the defendant's conviction of criminal damage to property because no sentence was imposed on this conviction.

The victim, Janet Beckham, testified at trial that when she entered her home during the early morning hours of January 1, 1983,

she observed a man whom she identified as the defendant standing inside the house. She ran to the bedroom to get her gun and, while in the bedroom, she heard a crash and later discovered her patio door broken. The victim's two daughters, who entered the house with her, also testified, and their testimony substantially paralleled Janet Beckham's. They both identified the defendant as the man they discovered in their home. One of the daughters testified that she saw the defendant pick up a log and throw it through the patio door and then escape. The other daughter, fearing that defendant was going to throw the log at her, ran away and later heard a crash. The court found the defendant guilty on count I (residential burglary) and guilty on count II (criminal damage to property) after reducing that charge to a misdemeanor. Judgment was entered on both charges. At the sentencing hearing defendant was sentenced to a term of 12 years on the residential burglary charge, but no sentence was imposed for the offense of criminal damage to property.

The crux of defendant's argument on his first issue is that the proof at trial did not conform to the charges in the information. The information charged defendant with the offense of residential burglary in that he "entered the dwelling place of Janet Beckham * * * with the intent to commit therein a felony." Defendant maintains that the State failed to prove beyond a reasonable doubt that the defendant had the intent to commit a felony when he entered Janet Beckham's residence on the morning of January 1, 1983. He contends that the State failed to present any evidence of felonious intent and therefore failed to meet its burden of proof that he entered the victim's dwelling with the intent to commit a felony, the offense with which he was charged. Defendant argues that he was not charged with burglary with the intent to commit a theft and therefore cannot be convicted of that offense. Defendant cites *People v. Toolate* (1984), 101 Ill. 2d 301, 461 N.E.2d 987, for the proposition that proof of unlawful breaking and entering is sufficient to infer the intent to commit theft, but cannot be used to infer an intent to commit any other felony. In *Toolate*, however, the defendant was charged with breaking and entering with intent to commit rape. The supreme court held there that you cannot infer an intent to commit rape from proof that a defendant broke and entered a dwelling. In the instant case, however, the defendant was not charged with intent to rape or any other specific felony. Thus *Toolate* is inapplicable. *People v. Johnson* (1963), 28 Ill. 2d 441, 192 N.E.2d 864 (distinguished by *People v. Toolate* (1984), 101 Ill. 2d 301, 308, 461 N.E.2d 987, 990), held that in the absence of inconsistent circumstances, proof of unlawful breaking and entry into a

building which contains personal property that could be the subject of larceny gives rise to an inference of an intent to commit larceny. It logically follows that defendant's actions in breaking and entering the victim's dwelling, which contained personal property of a value greater than $300 that could be the subject of theft, gives rise to an inference of an intent to steal personal property worth more than $300, which is an intent to commit a felony. We therefore find that the State proved, beyond a reasonable doubt, that the defendant had the intent to commit a felony when he entered the victim's residence.

■ Additionally, we note that defendant's argument that he was charged with the wrong type of intent is not material to his defense because it does not operate to exculpate him. Defendant was neither misled in preparing his defense, nor subject to the danger of double jeopardy by any alleged variance between the information and the proof at trial. The defendant did not defend himself at trial by saying, "Yes, I broke into and entered the victim's house, but I had no intention of committing a felony therein." Rather, his defense was that he did not break into the victim's house at all. Therefore, the variance, if it exists, is not a ground to reverse the defendant's conviction. See *People v. Davis* (1980), 82 Ill. 2d 534, 413 N.E.2d 413.

■■ Defendant's second contention on appeal is that the failure of the trial court to impose a sentence on his criminal-damage-to-property conviction means that it must be vacated. Defendant does not contest the propriety of both the burglary conviction and criminal-damage-to-property conviction on the basis of his actions at the victim's home. The offenses of burglary and criminal damage to property contain different elements and are not lesser included offenses, and therefore it was proper to convict the defendant on both offenses, and it would have been proper for the trial court to have entered concurrent sentences on both offenses. (*People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838.) The defendant contends that when a trial court fails to impose a sentence on a conviction, the proper remedy is to vacate the conviction. In support of his contention, defendant cites two appellate court cases: *People v. Thoms* (1977), 50 Ill. App. 3d 398, 365 N.E.2d 717, and *People v. Donalson* (1977), 50 Ill. App. 3d 678, 365 N.E.2d 658. We would note, however, that there is a split of authority in the First Appellate District as to the proper procedure to be followed when a trial court fails to impose a sentence on a conviction. (*People v. Zuniga* (1981), 99 Ill. App. 3d 396, 425 N.E.2d 1094.) This court has held that when a trial court fails to enter a sentence on a conviction, the cause should be remanded with instructions to enter a sentence. *People v. Davis* (1982), 105 Ill. App. 3d 129, 135, 434

N.E.2d 13, 18.

Consequently, we affirm the defendant's conviction on count I (residential burglary) and count II (criminal damage to property) and remand to the circuit court of Jefferson County with instructions to impose a sentence on count II.

Affirmed and remanded.

JONES, P.J., and WELCH, J., concur.