THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
WILLIAM ALEXANDER, Defendant-Appellant.

Third District   No. 3—88—0504

Opinion filed October 13, 1989.—Rehearing denied December 6, 1989.

William Alexander, of East Moline, appellant *pro se.*

John X. Breslin, of State's Attorneys Appellate Prosecutor's Office, of Ottawa, for the People.

PRESIDING JUSTICE WOMBACHER delivered the opinion of the court:

The trial court found the defendant, William Alexander, guilty of burglary, aggravated battery, and criminal damage to property (Ill. Rev. Stat. 1987, ch. 38, pars. 19—1(a), 12—4(b)(8), 21—1(a)). The court then sentenced him to concurrent terms of 12, 5, and 6 years, respectively. The *pro se* defendant appeals.

According to the trial record, Carol Able testified that shortly after midnight on March 6, 1987, she was driving south on old Route 45 from Kankakee to Ashkum. When she was between Kankakee and Chebanse, she noticed a car driven by the defendant following her. He followed her through Chebanse and out of town. Outside of Chebanse, he repeatedly pulled up to her rear bumper and backed off. He also pulled even with her and fell back several times. During this, he flashed his high-beam headlights on and off. Finally, he pulled even with Able's car and turned back into her lane, striking the rear of her car and causing her to lose control. Her car spun completely around and went into a ditch on the opposite side of the road. It came to rest on top of a guardrail, with its fuel tank impaled on a post.

Able testified that she smelled gasoline fumes, so she turned off her engine. She had difficulty getting out of the car, but had managed to get one leg out when she saw the defendant walking toward her carrying a car jack. He ordered her to exit the car and said that he was going to kill her. She asked him who he was, and he told her not to look at him. He tried pulling her from the car, but she resisted.

Able further testified that a car then approached from the north. The defendant went to the rear of Able's car and crouched down. Able flashed her high-beam headlights at the approaching car, but it did not stop. The defendant then returned to the front of the car and told Able to open the door because he was going to kill her. After he assumed a stance as if he were going to swing his car jack at the window, she moved to the passenger side of the car to shield herself. The defendant then shattered the window. He again tried to pull her out of the car, but was unsuccessful.

Able stated that the defendant then went to the other side of the car. After she voluntarily handed him her purse, he looked at her for a few seconds, then threw it into the ditch. He told her to exit the car through the driver's side. As she did so, she heard the rear window shatter and, at the same time, saw a car approaching from the south. The defendant went back to his car. Able ran towards the other car and quickly got in it.

Diane Ducat testified that she was heading south on old Route 45 when she passed the scene of what appeared to be an accident. She drove about a half mile up the road and then turned around. As she approached the scene, she slowed down and pulled up to the defendant's car. She saw the defendant standing next to his car holding a tire jack over his head. She began slowly pulling away when she noticed Carol Able running towards her. She allowed her to get in her car.

The defendant argues on appeal that the information was insufficient. He contends that the burglary count should have contained the elements of the intended offense of aggravated battery as well as a statutory reference to that offense. He further asserts that the failure to do so hampered him in the preparation of his defense. He states that since the aggravated battery count alleged that he had committed battery on a public way or on public property (Ill. Rev. Stat. 1987, ch. 38, par. 12—4(b)(8)), he assumed that the intended felony in the burglary count must also have been the same form of aggravated battery. He claims that if he had known that he could be convicted of burglary based on another form of intended aggravated battery, he might have chosen to testify.

■■ As the information is being attacked for the first time on appeal, the proper standard of review is whether it apprised the defendant with sufficient specificity to prepare his defense and whether a resulting conviction would serve as a bar to future prosecutions based on the same conduct. (*People v. Pujoue* (1975), 61 Ill. 2d 335, 335 N.E.2d 437.) Since the primary concern in a burglary indictment is with the unlawful entry, the intended felony does not have to be described with the same specificity that would be required in an indictment for the felony itself. *People v. Peck* (1963), 29 Ill. 2d 480, 194 N.E.2d 245.

The instant burglary count alleged that the defendant knowingly entered Carol Able's motor vehicle with the intent to commit aggravated battery. Since the focus in a burglary charge is on the unlawful entry, we find that the charge was sufficient to allow the defendant to prepare his defense and to serve as a bar to future prosecutions based on the same conduct. (See *People v. Smith* (1973), 15 Ill. App. 3d 61, 303 N.E.2d 525.) We also find unpersuasive the defendant's argument that he relied on the charge in deciding not to testify. His assumption that the intended aggravated battery in the burglary count had to be the same type of aggravated battery charged in a separate count was unreasonable. The burglary count did not refer to the aggravated battery count, nor is there any legal authority stating that the intended felony could be determined in that manner. Accordingly, we find no error.

■ The defendant also contends that the burglary charge was insufficient because it did not name the person the defendant intended to batter. In *People v. Peck* (1963), 29 Ill. 2d 480, 194 N.E.2d 245, the supreme court rejected a similar claim. There, the court stated that where a defendant is charged with burglary for unlawful entry with the intent to commit a theft, it is not necessary to identify the owner of the goods the defendant intended to steal. Additionally, the instant charge did name the owner of the vehicle the defendant entered. We therefore find that the State did not need to name the victim of the intended battery.

The defendant next argues on appeal that his burglary conviction should be reversed because he was convicted on a theory that was not argued or proved at trial. He again notes that the aggravated battery charge stated that he committed battery on a public way or on public property. He asserts that the State was limited to using this form of aggravated battery as the intended felony for the burglary conviction. The trial court stated after the conclusion of the trial, however, that the evidence showed that the defendant had committed burglary by

entering Able's vehicle with the intent to cause her great bodily harm (Ill. Rev. Stat. 1987, ch. 38, pars. 19—1(a), 12—4(a)). The defendant contends that the State did not argue that he had intended to commit great bodily harm and that the trial court was precluded from finding him guilty of burglary under this theory. The defendant also argues that the evidence failed to establish that he entered the vehicle with the intent to cause great bodily harm.

A trial court may find a defendant guilty of an offense based on more than one theory and need not specify the theory under which it found him guilty. (*People v. Hudson* (1988), 165 Ill. App. 3d 375, 519 N.E.2d 28.) In a burglary prosecution in which the defendant has been charged with entry with the intent to commit a felony, a trial court's finding of guilt will be sustained if the evidence supports the finding that the defendant intended to commit any felony. (*People v. Fico* (1985), 131 Ill. App. 3d 770, 476 N.E.2d 47.) In reviewing the propriety of a conviction, all of the evidence should be viewed in the light most favorable to the State. *People v. Collins* (1985), 106 Ill. 2d 237, 478 N.E.2d 267.

Applying the foregoing principles, we find that the State presented evidence establishing beyond a reasonable doubt that the defendant entered Able's vehicle while it was on a public way and with the intent to cause her great bodily harm. The trial court could therefore find the defendant guilty under either theory. Accordingly, the court did not err in finding that the defendant had committed burglary by entering Able's vehicle with the intent to cause her great bodily harm.

The judgment of the circuit court of Iroquois County is affirmed.

Affirmed.

HEIPLE and STOUDER, JJ., concur.