In the

# United States Court of Appeals

## For the Seventh Circuit

No. 20-2317

CZESLAW M. PARZYCH,

*Petitioner,*

*v.*

MERRICK B. GARLAND,
Attorney General of the United States,

*Respondent.*

Petition for Review of an Order from the
Board of Immigration Appeals.
No. A017-769-657

ARGUED JUNE 3, 2021 — DECIDED JUNE 28, 2021

Before MANION, WOOD, and BRENNAN, *Circuit Judges.*

BRENNAN, *Circuit Judge.* Czeslaw Parzych, a Polish citizen and lawful permanent resident of the United States, was twice convicted of burglary in Illinois, leading the Department of Homeland Security to begin removal proceedings. After several appeals, the Board of Immigration Appeals ultimately upheld an Immigration Judge's determination that Parzych was removable. Parzych now petitions for review, arguing

that the Board erred by applying the "modified categorical approach" to determine whether his Illinois convictions were removable offenses under federal law. Because the Illinois burglary statute is not divisible, we agree with him that the modified categorical approach does not apply. We therefore grant Parzych's petition for review, vacate the removal order, and remand the case to the Board for further proceedings.

## I.

Parzych is a 58-year-old Polish citizen who was admitted to the United States as a lawful permanent resident in 1967. He was convicted of burglary in violation of 720 ILCS 5/19-1 in 2011 and again in 2015 for knowingly and without authority remaining in buildings (storage lockers) with intent to commit theft. Based on those convictions, Parzych received a Notice to Appear in 2017 that charged him as removable under the Immigration and Nationality Act for committing aggravated felonies of burglary and crimes involving moral turpitude. *See* 8 U.S.C. §§ 1101(a)(43)(G), 1227(a)(2)(A)(ii)–(iii). Later, Parzych was also charged as removable for committing aggravated felonies of attempted theft based on the same Illinois convictions. *See* 8 U.S.C. §§ 1101(a)(43)(G), (U), 1227(a)(2)(A)(ii)–(iii).

Because this case has a protracted procedural history, we begin with the relevant legal framework on removability for state-law convictions. To decide whether a state-law conviction qualifies as a removable offense, immigration judges, the Board, and federal courts use the "categorical approach," comparing the elements of the crime as listed in the statute of conviction with the generic elements of the crime. *Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013). If the elements of the state statute are the same as or narrower than the generic crime, the

conviction is a removable offense. *Id*. But when a statute of conviction is overbroad (proscribing some types of conduct that would constitute a removable offense and some that would not) and divisible (listing alternative elements of a crime), the "modified categorical approach" applies. *Mathis v. United States*, 136 S. Ct. 2243, 2248–49 (2016) (describing approach as applied to the Armed Career Criminal Act); *see also Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 185–86 (2007) (noting that courts apply the same approaches under the Immigration and Nationality Act and Armed Career Criminal Act). Under that approach, a court may "consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction" and then compare it to the generic offense. *Descamps v. United States*, 570 U.S. 254, 257 (2013).

In 2017, an Immigration Judge summarily ordered Parzych removed, without applying either the categorical approach or the modified categorical approach. On appeal, the Board remanded Parzych's case, however, because the IJ had not supported his decision with factual findings or legal analysis.

On remand, the IJ applied the categorical approach and found that Parzych was not removable because the behavior criminalized by 720 ILCS 5/19-1 was broader than the removable offenses of burglary and attempted theft. Specifically, the IJ determined that the location and intent elements of

720 ILCS 5/19-1(a)[1] were categorically broader than those for generic burglary and attempted theft, respectively.

The Board reversed the IJ's decision, explaining that because the statute was divisible with respect to the elements of location and intent, the IJ should have applied the modified categorical approach. On remand, the IJ applied that approach and found Parzych to be removable because his Illinois charging documents for both convictions showed that he was convicted of burglary of a storage unit with intent to commit theft, and those crimes matched the generic definitions of burglary and attempted theft. *See Smith v. United States*, 877 F.3d 720, 722 (7th Cir. 2017) (quoting *Taylor v. United States*, 495 U.S. 575, 599 (1990)) (explaining that generic burglary prohibits unlawful entry into a "building or structure"); *Vaca-Tellez v. Mukasey*, 540 F.3d 665, 671 (7th Cir. 2008) (holding that Illinois conviction for burglary with intent to commit theft is equivalent to generic attempted theft). This time, the Board adopted and affirmed the IJ's decision.

Parzych petitioned this court for review, challenging the Board's conclusions that the Illinois statute was divisible and that the modified categorical approach should be applied. The government sought remand based on our decision in *United States v. Glispie*, 943 F.3d 358 (7th Cir. 2019), which certified to the Illinois Supreme Court the question whether the definition of unlawful entry in Illinois's residential burglary statute, 720 ILCS 5/19-3, was broader than generic burglary.

---

[1] The Illinois legislature made minor changes to the statute between Parzych's convictions, but none is relevant here. *Compare* 720 ILCS 5/19-1(a) (2011) *with* 720 ILCS 5/19-1(a) (2013).

*See Glispie*, 943 F.3d. at 359–60. In a minute order, we remanded Parzych's case to the Board.

On remand, the Board stood by its conclusion that Parzych was removable. Although it acknowledged that the Illinois Supreme Court had yet to resolve the certified question from *Glispie*, the Board concluded that Parzych's offenses appeared not to qualify as aggravated felonies of burglary because the scope of unlawful entry in Illinois's burglary statutes was likely broader than that of the generic crime.[2] But the Board reaffirmed its decision that Parzych was removable for committing aggravated felonies of attempted theft and crimes of moral turpitude. It explained that it had appropriately applied the modified categorical approach because 720 ILCS 5/19-1(a) was divisible with regard to intent, citing Illinois cases that referred to the "element of intent" as "essential." *People v. Toolate*, 461 N.E.2d 987, 990 (Ill. 1984); *People v. Payne*, 550 N.E.2d 1214, 1220 (Ill. App. Ct. 1990); *People v. Kerestes*, 348 N.E.2d 274, 276 (Ill. App. Ct. 1976).

## II.

In this appeal, Parzych maintains that he is not removable for committing aggravated felonies of attempted theft or crimes of moral turpitude based on his Illinois burglary convictions. He argues that the intent element of 720 ILCS 5/19-1(a) is not divisible, so the Board erred by applying the modified categorical approach to determine that he was removable. We review de novo the legal question of

---

[2] The Illinois Supreme Court later concluded that it was broader. *See United States v. Glispie*, 2020 IL 125483.

whether the Illinois statute is divisible. *See Garcia-Martinez v. Barr*, 921 F.3d 674, 678 (7th Cir. 2019).

A statute is divisible if it lists multiple, alternative elements of a crime, and not just different factual means of proving one element. *Mathis*, 136 S. Ct. at 2248. "'Elements' are the 'constituent parts' of a crime's legal definition—the things the 'prosecution must prove to sustain a conviction.'" *Id.* (citation omitted). Factual means, in contrast, are "circumstances" or "events" that need not be specifically proven. *Id.* (citation omitted). To determine whether a statute lists means or elements, we look to state law, beginning with relevant state-court decisions and the text of the statute itself. *Id.* at 2256; *United States v. Garcia*, 948 F.3d 789, 793 (7th Cir. 2020). When authoritative sources of state law do not explain whether the statute is divisible, then we may examine the record of the petitioner's prior conviction to determine whether the statute is divisible. *Mathis*, 136 S. Ct. at 2256–57; *Najera-Rodriguez v. Barr*, 926 F.3d 343, 350 (7th Cir. 2019).

The relevant provision of 720 ILCS 5/19-1(a) prohibits unlawful entry "with intent to commit therein a felony or theft." Under the *Mathis* framework, this section is divisible if, to sustain a conviction, the government needs to prove that a defendant had either the intent to commit a felony or to commit theft. It is not divisible, however, if intent is a single element of burglary such that the government need prove only that a defendant had some unlawful intent—i.e., intent to commit a felony, theft, or both—upon unlawful entry.

**A.**

We conclude that the available sources of Illinois law establish conclusively that the intent provision of 720 ILCS 5/19-1(a) is not divisible.

First, several Illinois decisions demonstrate that an intent to commit a felony or theft is a means of violating the statute, not a divisible element. We so conclude for the same reason we found determinative in *Garcia*, 948 F.3d at 794. There, interpreting an Indiana drug statute, we explained that a statute is not divisible if a defendant can be charged with several violations but convicted of a single offense. A statute that does not list alternative elements for alternative crimes, but rather alternative means of committing a single crime, is not divisible. *Id*. Similarly, Illinois courts have held that a defendant may be charged with unlawful entry with intent to commit multiple crimes but convicted of only one burglary offense. In *People v. Scott*, after a defendant was convicted of three counts of burglary for one unlawful entry with intent to commit a theft and two different felonies, the Illinois Supreme Court vacated all but one conviction, explaining that having intent to commit numerous thefts or felonies may sustain only one burglary conviction. 251 N.E.2d 190, 195 (Ill. 1969). Interpreting *Scott*, an intermediate Illinois appellate court later held that a defendant may be indicted of unlawful entry with intent to commit "a felony or theft," in the disjunctive, because unlawful entry with multiple intents is only one crime. *People v. Smith*, 303 N.E.2d 525, 525–26 (Ill. App. Ct. 1973). *See also People v. Turner*, 303 N.E.2d 527, 527–28 (Ill. App. Ct. 1973) (finding that a defendant could be charged disjunctively with a felony or theft based on *Smith*).

Several other Illinois decisions further hold that the government need not prove intent to commit a certain felony or theft, as is required under *Mathis* for intent to be a divisible element. *See Mathis*, 136 S. Ct. at 2248 (government must prove elements of crime as part of conviction). "[A] trial court's finding of guilt will be sustained," these cases explain, "if the evidence supports the finding that the defendant intended to commit any felony" or theft. *People v. Alexander*, 546 N.E.2d 1032, 1035 (Ill. App. Ct. 1989); *see also People v. Johnson*, 192 N.E.2d 864, 866 (Ill. 1963) (no reversible error when jury instructions included intent to commit felony or larceny but defendant was charged only with intent to commit larceny); *People v. Peck*, 194 N.E.2d 245, 247 (Ill. 1963); *People v. Fico*, 476 N.E.2d 47, 48–49 (Ill. App. Ct. 1985) (affirming conviction where government had proven intent to commit a felony at trial, even though defendant had been charged with intent to commit theft); *People v. McCombs*, 236 N.E.2d 569, 571 (Ill. App. Ct. 1968) (noting that government did not meet its burden because it failed to show that defendant had intent to commit either of two felonies).

The language of 720 ILCS 5/19-1 further clarifies that the different intents are not separate, divisible elements. Statutory alternatives carrying different sentences must be elements of a crime. *Mathis*, 136 S. Ct. at 2256. But the statutory alternatives under 720 ILCS 5/19-1 punish identically: The punishment for unlawful entry with intent to commit a theft is the same as that for entry with intent to commit a felony. Additionally, although elements of a crime must be charged disjunctively, *Mathis*, 136 S. Ct. at 2256, the statute here does not specify how intent must be charged. *See* 720 ILCS 5/19-1. And again, Illinois cases have held that intent may be charged

disjunctively. *Smith*, 303 N.E.2d at 525–26; *Turner*, 303 N.E.2d at 527–28.

**B.**

The government argues that the intent component of the statute is divisible. Like the Board, it relies on Illinois decisions holding that the state must prove that a defendant had "specific" intent to commit a crime as a "necessary" or "essential" element of burglary. *See, e.g.*, *Toolate*, 461 N.E.2d at 990; *Johnson*, 192 N.E.2d at 866. It further points out that some of these cases refer to unlawful entry with intent to commit theft as a different crime from unlawful entry with intent to commit a felony. *See Kerestes*, 348 N.E.2d at 276. According to the government, these cases conclusively hold that intent to commit theft and intent to commit a felony are separate elements of 720 ILCS 5/19-1(a), so the statute is divisible.

But the cases the government cites do not persuade us that 720 ILCS 5/19-1 is divisible because they do not clarify whether intent is a single "essential" element or two elements (i.e., intent to commit a felony *and* intent to commit theft). Several of the cases, in fact, describe the intent element in the disjunctive: either as intent to commit a felony or theft, or as intent to commit any felony. *See People v. Maggette*, 747 N.E.2d 339, 344, 350 (Ill. 2001); *People v. Soznowski*, 177 N.E.2d 146, 147 (Ill. 1961) ("Not only must the entry be charged and proved, but also the intent to commit a felony or larceny."); *People v. Camp*, 559 N.E.2d 26, 29 (Ill. App. Ct. 1990) (burglary "contains, as an element of the offense, the requirement that the defendant entered the premises with the intent to commit a theft or felony").

Moreover, the authorities the government cites are unconvincing because they address the form of proof required to show unlawful intent as it was charged, not whether the statute's different intents are separate crimes or elements of burglary. *See Toolate*, 461 N.E.2d at 990; *Kerestes*, 348 N.E.2d at 276; *Johnson*, 192 N.E.2d at 865–66 (considering whether evidence was sufficient to convict for charged crime of unlawful entry with intent to commit larceny); *People v. Niksic*, 53 N.E.2d 400, 401–02 (Ill. 1944) (noting state had to prove that defendant intended to commit rape when that intent was charged). For instance, *Toolate* concerned whether the evidence presented at trial was sufficient to convict the defendant of burglary with intent to commit rape, as he was charged. 461 N.E.2d at 990. As the Illinois Supreme Court explained, because he had been charged with only intent to commit rape, it could not uphold the conviction by inferring that the defendant intended to commit theft from his unlawful entry. *Id.* Yet like the other cases, *Toolate* fails to answer the predicate question whether the state must charge and prove only one form of intent, as necessary to demonstrate the statute's divisibility. *See id.*

The government also argues that we should look beyond authoritative state law and consider the charging documents and jury instructions underlying Parzych's convictions, which, it contends, suggest that 720 ILCS 5/19-1(a) is divisible as to intent. But because Illinois law determines the outcome here, we need not look further. *Mathis*, 136 S. Ct. at 2256–57; *Najera-Rodriguez*, 926 F.3d at 350. In any event, nothing in those records support the statute's divisibility. In both indictments, Parzych was charged with unlawful entry with intent to commit theft. For context, charging documents regularly include factual details that are not elements of the crime, so

the indictment's inclusion of intent to commit theft—without more—does not show that it is an element. *See Najera-Rodriguez*, 926 F.3d at 355–56. And nothing else in the indictment implies that intent to commit theft is a distinct element of the burglary offense.

In the government's view, the references in Parzych's indictments to an "intent to commit theft" rendered that allegation an essential element of the crime because of Illinois' criminal procedure statute. Under that statute, "[t]he presence of any unnecessary allegation" or "[t]he use of alternative or disjunctive allegations as to the acts, means, intents or results charged" is a "formal defect[]" in a charging document. *See* 725 ILCS 5/111-5(d), (f). But the statutory text does not prohibit the government from including factual allegations in an indictment. *See id.* And the government does not explain why factual allegations that Parzych intended to commit theft would be unnecessary.

Finally, the government urges that the divisibility of 720 ILCS 5/19-1 is apparent from the Illinois pattern jury instructions, which, in its view, allow for only a single intent offense, and so prove that intent is a divisible element of the crime. In relevant part, the instructions direct jurors to decide whether a defendant unlawfully entered a property "with intent to commit therein the offense of ____." Illinois Pattern Jury Instructions—Criminal, 14.07–.10. The drafting committee's accompanying notes direct that an "offense alleged in the charge" be identified on the blank line before providing the instructions to the jury. *See id.*

Yet neither the blank line nor the committee's notes require a single form of intent to be inserted, nor do they clarify whether multiple offenses could be added, if alleged.

Therefore, the jury instructions do not suggest that the information to be inserted is a single element of the crime. *See, e.g.*, *Hillocks v. Att'y Gen. U.S.*, 934 F.3d 332, 342–43 (3d Cir. 2019) (holding that jury instructions did not establish that the statute was divisible because they included "[crime]"); *Harbin v. Sessions*, 860 F.3d 58, 67–68 (2d Cir. 2017) (holding that jury instructions did not establish that statute was divisible because they included a blank with the word "specify").

### III.

Because 720 ILCS 5/19-1 is not divisible, the Board erred in employing the modified categorical approach to determine that Parzych was removable based on his convictions under that statute for committing aggravated felonies of attempted theft and crimes of moral turpitude. We therefore GRANT the petition for judicial review, VACATE the removal order, and REMAND to the Board for further proceedings.